UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Aaron Even, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Robert Dean Hebel, an individual; Doe Individuals I through X, Inclusive,<br><br>Defendants. | Case No. 2:23-cv-01360-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Renewed Motion for Order Extending Time to Serve the Summons and Complaint (the "Motion to Extend Time"). ECF No. 6. Also pending before the Court is Defendant's Motion to Stay Discovery. ECF No. 9. The Court reviewed the Motions, Oppositions, and Replies.

**I.     Discussion**

    A.     <u>The Motion to Extend Time.</u>

        *1.     Background.*

In his Motion to Extend Time Plaintiff contends this case was timely filed in state court on March 16, 2023, after which the state court clerk's office filed a notice of non-conforming document and no summons was issued. ECF No. 6 at 2. Plaintiff's counsel states he was in the process of moving offices and missed the notice and lack of summons. *Id.* Plaintiff's counsel discovered the notice of non-conforming document and lack of summons on July 13, 2023, one day before the 120 day service deadline, and corrected the error. *Id.* The summons was issued on July 14, 2023, the 120th day after the Complaint was filed. *Id.* Plaintiff simultaneously filed a motion to extend time to serve Defendant and attempted service that same day, but Defendant had moved out of state and service did not occur. *Id.* As a result, Plaintiff failed to serve Defendant within 120 days. *Id.* Plaintiff successfully served Defendant on August 5, 2023, while the motion to extend time to serve was pending in state court. *Id.* Defendant removed this matter on August 31, 2023, after which the parties met and conferred regarding Plaintiff's late service of Defendant—an issue Defendant

refused to waive. *Id*. Plaintiff once again seeks relief from failing to timely serve through his instant Motion to Extend Time. *Id.*

Plaintiff argues because he attempted to serve Defendant and filed a motion to extend the service deadline within 120 days, though he did so on the 120th day, there is good cause to grant the instant Motion. *Id.* at 3. Plaintiff further contends Defendant had notice of the issues raised in this matter before the deadline because Plaintiff sent him a settlement demand prior to initiating the lawsuit. *Id*. at 4. Plaintiff argues Defendant was not prejudiced by the delay in service because service occurred less than 30 days after the deadline expired. *Id.* Plaintiff submits federal law indicates that an extension should be granted. *Id.* at 5-6.

Defendant argues Plaintiff failed to exercise due diligence in attempting personal service because no service was attempted until the 120th day after the Complaint was filed. ECF No. 8 at 4. Defendant contends good cause to grant the extension of time does not exist as Plaintiff failed to timely serve Defendant based solely on opposing counsel's failure. *Id.* at 4-5. Defendant argues relevant Nevada case law supports the conclusion that Plaintiff fails to demonstrate good cause for granting extension of the service period. *Id.* at 5-8.

In his Reply Plaintiff contends he timely moved to extend time to serve the summons and Complaint and, therefore, complied with Nevada law. ECF No. 11 at 3. Plaintiff further argues that there is good cause to grant the short extension of the service deadline now that Defendant has been served given that Plaintiff timely moved for the extension. *Id.* at 4.[1]

 2. *Nevada Law Governs the Court's Analysis*.

There is no dispute that Plaintiff filed his Complaint in state court and Defendant was served prior to removal, which filing and service were governed by Nevada Rules of Civil Procedure. Under this circumstance, the Ninth Circuit makes clear that issues related to service of process raised in Plaintiff's Motion to Extend Time must be analyzed under Nevada, not federal, law. *Dillon v. W. Pub. Corp.*, 409 Fed.Appx. 152, 154 (9th Cir. 2011). Under Nevada law, "[t]he summons and

---

[1] Plaintiff also argues that by removing this action, Defendant is submitting to this Court's jurisdiction and service issue under Nevada law is waived. ECF No. 11 at 2. To the contrary, "it has long been the rule that a removal constitutes a special appearance that does not waive a defendant's right to contest service of process" under state law. *Bluemner v. Ergo Media Cap., LLC*, Case No. CV 15-01392 MMM (AJWx), 2015 WL 3533218, at *5 (C.D. Cal. June 4, 2015).

complaint must be served upon a defendant no later than 120 days after the complaint is filed, unless the court grants an extension of time." Nev. R. Civ. P. 4(e)(1). "If a plaintiff files a motion for an extension of time before the 120 day service period—or any extension thereof—expires and shows that good cause exists for granting an extension of the service period, the court must extend the service period and set a reasonable date by which service should be made." Nev. R. Civ. P. 4(e)(3). "[W]here a plaintiff timely moves for an extension of the service period under NRCP 4(e)(3), the district court must consider . . . factors that relate to the plaintiff's diligence in attempting service, and to any circumstances beyond the plaintiff's control that may have resulted in the failure to timely serve the defendant." *Moroney v. Young*, 520 P.3d 358, 361-62 (Nev. 2022). These factors include: "(1) difficulties in locating the defendant, (2) the defendant's efforts at evading service or concealment of improper service until after the 120 day period has lapsed, (3) the plaintiff's diligence in attempting to serve the defendant, ... and (10) any [previous] extensions of time for service granted by the district court." *Id*. at 362 (citing *Scrimer v. Eighth Judicial Dist. Court*, 998 P.2d 1190, 1196 (Nev. 2000)). "[T]his list is not exhaustive, but any additional factors the district court considers should similarly focus on the Plaintiff's diligence in attempting to serve defendants and/or whether the failure to effectuate service was due to reasons beyond the plaintiff's control." *Moroney*, 520 P.3d at 362 (citing *Saavedra-Sandoval v. Wal-mart Stores, Inc.*, 126 Nev. 592, 597, 245 P.3d 1198, 1201 (2010)). "Underlying these considerations is the objective behind Nevada's service rules, which is to encourage litigants to promptly prosecute matters by properly serving the opposing party in a timely manner." *Id*. (internal quote marks omitted).

In *Moroney*, there was no dispute that the plaintiff waited until day 105 out of the 120 day service period to even retain a process server and the process server made only one unsuccessful service attempt on day 112. *Id*. at 360-62. The plaintiff then moved to enlarge the time to serve the defendant on the last day of the 120 day service period, which the district court denied. *Id*. Applying the factors identified above, the *Moroney* Court held the record supported the district court's finding that the plaintiff unreasonably delayed his service attempt. *Id*. The Nevada Supreme Court found there was no support in the record showing the defendant deliberately evaded service. *Id*. The Court

held that the district court did not abuse its discretion in denying the plaintiff's motion to extend the service period. *Id.*

Here, Plaintiff moved for an extension of time within 120 days of filing his Complaint, thus timely filing his motion to extend in state court. Nev. R. Civ. P. 4(e)(3). Thus, the Court must determine whether "good cause" exists to grant the Motion by applying the *Moroney* factors.

        a.    There was little difficulty in locating Defendant, who had not made any effort to evade service.

Plaintiff avers that when he attempted to serve Defendant on July 14, 2023, he learned Defendant had moved out of state thus preventing service on that day. ECF No. 6 at 4. Plaintiff then appears to have located Defendant and effected service three weeks later. *Id.* These facts demonstrate there was little if any difficulty in locating Defendant who did not evade service.

        b.    Plaintiff's diligence in attempting to serve Defendant.

Plaintiff timely filed a Complaint in state court, but then, because counsel for Plaintiff was moving law offices, Plaintiff did not discover a technical error in the filing process that resulted in no summons issued and no attempt to serve until the last day of the applicable 120 day service period. *Id.* at 2. Plaintiff argues this was due to an office error (*id.*) and the Court agrees. However, this does not help Plaintiff as the reason for the error was not "beyond Plaintiff's control." Plaintiff offers nothing that explains why an office move in March 2023 prevented discovery of errors in filing until July 2023. The Court finds Plaintiff offers no valid excuse for his failure to timely serve Defendant and, as such, fails to demonstrate diligence. *Moroney*, 520 P.3d at 362.

        c.    Any previous extensions of time granted by the district court.

There is no evidence that any requests for an extension to serve were requested prior to Plaintiff filing his motion to extend in the state court on July 14, 2023.

    *3.*    *Conclusion.*

In light of the above and controlling law in *Moroney*, the Court finds Plaintiff, through circumstances within counsel's control, did not attempt service of the Complaint on Defendant until the last day within the 120 days allotted to him to do so. The evidence presented supports the conclusion that Defendant was easily locatable given the ease with which he was served out of state

after the service deadline had run. While the Court understands the strong public policy to decide cases on their merits, it cannot deny the similarities between this case and *Moroney*, which is controlling law for purpose of the issue presented. *Moroney* leads the Court to find that Plaintiff has not demonstrated good cause for the extension of the service deadline, and the Court must recommend denial of Plaintiff's Motion to Extend Time.

        B.        <u>The Motion for Stay of Discovery</u>.

When a party seeks to stay discovery, it "carries the heavy burden of making a strong showing why discovery should be denied." *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citing *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)). When considering a request for a discovery stay, the Court is guided by Federal Rule of Civil Procedure 1's objectives to ensure a "just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (quoting Fed. R. Civ. P. 1). A motion to stay discovery may be granted when: "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Grp.*, 294 F.R.D. at 581 (citing *Tradebay*, 278 F.R.D. at 602-03). The party seeking a discovery stay bears the burden of establishing the discovery stay is warranted. *Kabo Tools Co. v. Porauto Indus. Co.,* Case No. 2:12-CV-01859-LDG-NJK, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013).

As the above demonstrates, the Court finds the pending Motion to Dismiss is presumptively dispositive of the case and can be decided without further discovery. A preliminary peek at the Motion shows it is based on the failure to timely serve, which, when analyzed under controlling Nevada law, is dispositive of the case. Indeed, Plaintiff does not dispute that both elements applicable to a motion to stay are met. ECF No. 12 at 3.

**II.**    **Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Renewed Motion for Order Extending Time to Serve the Summons and Complaint (ECF No. 6) is DENIED.

1    IT IS FURTHER ORDERED that Defendant's Motion for Stay of Discovery (ECF No. 9) is GRANTED.

Dated this 8th day of February, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE